EMMA E. M. GORE ET UX., APPELLANTS, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, RESPONDENT.

Submitted April 5, 1916—Decided June 19, 1916.

Where the evidence showed that the plaintiff suffered injury by reason of a combination of elements creating a situation calling for the exercise of some care on the part of a carrier for the safe exit of the plaintiff from its train, and that the defendant exercised no degree of care, a nonsuit was error.

On appeal from the Supreme Court.

For the appellants, *Lum, Tamblyn & Colyer* and *Elmer King.*

For the respondent, *Frederic B. Scott.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff having been nonsuited the state of the case upon appeal comprises all of the facts in evidence that make for the plaintiffs' right to recover.

The facts therefore with which we have to deal are that on February 3d, 1914, at a little after five o'clock P. M., Mrs. Gore, aged sixty-four, took the defendant's train at Morristown for Orange; that upon previous occasions when she had made the same trip she had alighted from the train at Orange on the station platform at about the centre of its length; that on the occasion in question when the train made the stop for the Orange station she stepped out of the car in which she had been riding on to the car platform and down the steps until she stood on the bottom step; that she then took hold of the rail with her right hand and reached down from the step with her left foot as far as she could and then letting go with her hand her foot descended a long distance before striking the rough surface of a Belgian block pavement, whereupon she lost her balance, pitched, tried to gain her

equilibrium, but failed and fell. This is the plaintiff's account of her accident substantially in her own words.

Additional facts are that the train stopped at a point where the plaintiff in leaving the car in which she rode alighted not on the station platform, but on a roadway paved with rough Belgian blocks; that the light was so dim that she could not see the surface of the road; that there was no brakeman to show a light or to assist her in getting off; that she looked for one and waited a few seconds and then let herself down, as the train did not stop long at the station.

The discussion whether this accident was due to faulty construction or to negligence in operation and whether the care owed by the defendant was of a high degree or only such as was reasonable, seems to be entirely academic, in view of the fact that no degree of care was exhibited and that the accident was at least in part attributable to matters of train operation. The arrangement and extent of the station platform, and the height of the car steps from the ground, may be matters of construction; but the stopping of the train at one place rather than at another, the providing of proper light, the presence of trainmen to assist passengers in alighting under certain circumstances or to warn them of certain conditions are pure matters of operation. It may well be that as to no one of the elements that contributed to cause the plaintiff's accident did the defendant violate any direct duty owing to her, and yet it may also be true that the combination of all of these elements created a situation that called for the exercise of some care by the carrier for the safe exit of the plaintiff from its train.

Such duties by a carrier are often in the alternative, so that while no one duty is specific, it does not follow that they may all be neglected with impunity. Thus, under ordinary conditions, there is no direct duty to assist passengers to alight, or to warn or instruct them, or to furnish additional light, so, also, there may be no direct duty to stop the train opposite the station platform or to avoid disembarking passengers on a paved roadway, but, notwithstanding the absence of direct duty as to each of these isolated elements, an

alternate or conditional duty may arise from their fortuitous combination. Thus the duty to warn or assist, not in itself a direct duty, may arise from the unusual conditions created by the place of stoppage, not in itself the violation of a direct duty.

This, it seems to us, is the situation presented by the plaintiff's testimony from which a jury might infer an invitation to leave the train under conditions that placed upon the defendant the duty of using such care as arose out of such conditions and was commensurate with the danger to be reasonably apprehended therefrom.

It was error therefore to nonsuit the plaintiff.

The judgment of nonsuit is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 15.